United States Bankruptcy Court
Eastern District of Michigan
Southern Division- Detroit

In re:

Philip R. Simon,
        Debtor,
_____/

Case No. 05-86095-R
Chapter 7

Joan E. Rahill,
        Plaintiff,

v.

Adv. Pro. No. 06-4346

Philip R. Simon,
        Defendant.
_____/

**Opinion regarding Cross-Motions for Summary Judgment**

Philip R. Simon filed a voluntary chapter 7 petition on October 15, 2005. Joan E. Rahill filed this adversary proceeding claiming that a debt owed by Simon to the estate of her late husband, Patrick J. Rahill, is non-dischargeable under 11 U.S.C. § 523(a)(6).[1] Before the Court are the parties' cross-motions for summary judgment

The Court concludes that Mrs. Rahill's motion must be denied because it is not appropriate to give collateral estoppel effect to the prior probate court ruling on which she relies. The Court further concludes that Simon's motion must be granted because there is no substantial evidence controverting his affidavit that he disposed of the property at issue because Mr. Rahill gave him

---

[1] This case arose prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub.L. No. 109-8 119 Stat. 23. Accordingly, all references herein are to the pre-BAPCPA Code in effect when the debtor's petition was filed. 11 U.S.C. §§ 101-1330 (2000).

express permission to "get rid of it."

I.

Mrs. Rahill is the widow and personal representative of the estate of Patrick J. Rahill. Simon, the debtor, is the sole shareholder of Dimer-SG, Inc.("Dimer"). Mr. Rahill had been the owner of a machine called a Droop and Rein Vertical Duplicator ("the machine"), which he purchased in 1995 for $65,000.00 from Theodore Barrie. Pursuant to an agreement between Dimer and Mr. Rahill in 1997, the machine was moved to Dimer's plant. This agreement briefly states who owns the machine, Dimer's interest in the machine, and that it was moved at Dimer's expense. It does not discuss the use of the machine, profit sharing, time tables, or disposal of the machine.

Simon asserts that the machine was in storage at Dimer's premises and that Mr. Rahill could not afford to remove it from storage. Simon also contends that the machine never worked and that beginning in 1997, he contacted Mr. Rahill repeatedly to have the machine removed from Dimer's premises. In support of his motion, Simon filed affidavits from himself and his secretary, Laura Kish stating that Mr. Rahill told him "get rid of it." Simon also submitted the affidavit of Charlie Lynch, a machine expert, who appraised the machine sometime between 1999 and 2000 and who stated that the machine had only scrap value. Lynch's affidavit also states that he informed Mr. Rahill that the machine had only scrap value.

Mrs. Rahill claims that the machine had a value of $49,500, which is supported by an affidavit from Theodore Barrie, although he apparently testified in probate court that the value was $40,460.00. Barrie's valuation letter, however, was not issued until after Simon disposed of the machine.

Simon states that the machine was disposed of during the summer of 2001. In fall of 2001,

2

Mr. Rahill's attorney, Vincent Tatone, contacted Simon about the machine.

In October of 2004, Mrs. Rahill instituted a conversion action against Dimer and Simon in the Macomb County Probate Court. Due to the automatic stay resulting from Simon's bankruptcy, the matter went to trial against Dimer only. The Probate Court did not permit Simon to represent Dimer because he could not prove that he was the sole shareholder or that the corporation was his alter ego. Therefore, the trial proceeded as if the corporation did not appear and a default judgment was entered against Dimer for common law conversion.

III.

In an adversary proceeding, Rule 56 of the Federal Rules of Civil Procedure applies. Fed. R. Bankr. P. 7056. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If a party fails to establish the existence of an element essential to that party's case, for which that party has the burden of proof, then the court must enter a summary judgment against that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The movant has the initial burden of showing that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553 (1986). If the movant meets his burden, then the burden shifts to the non-movant to show that an issue of material fact does exist. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).

IV.

In her motion for a summary judgment, Mrs. Rahill relies on the probate court judgment finding Dimer liable for conversion. Collateral estoppel principles do apply in litigation under

§ 523(a). *Grogan v. Garner*, 498 U.S. 279, 285, 111 S. Ct. 654, 658 (1991). Collateral estoppel protects litigants from the burden of re-litigating an identical issue with the same party or his privy and promotes judicial economy. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 649 (1979). It is, however, a violation of due process for a judgment to bind a litigant who was neither a party nor in privy with a party in the prior litigation and who therefore did not have an opportunity to be heard. *Id.* n.7.

Because the proceedings were stayed after Simon filed his chapter 7 petition, he was not a party to those proceedings and the probate court judgment was only entered against Dimer. Simon did attempt to show that the corporation was his alter ego, but the court held that he failed to do so and as a result, he was not allowed to participate in the trial. Because Simon and Dimer are not the same parties, and because the probate court held, at least implicitly, that Simon was not in privy with Dimer, collateral estoppel does not apply to prohibit Simon from re-litigating Mrs. Rahill's claim.

Accordingly, Mrs. Rahill's motion for summary judgment must be denied.

V.

The creditor bears the burden of proof in seeking a judgment of nondischargeability under § 523(a). *Barclays/Am. Bus. Credit, Inc. v. Adams* (*In re Adams*), 31 F.3d 389, 393 (6th Cir. 1994). The standard of proof on a claim under § 523(a) is preponderance of the evidence. *Id.*

Section 523(a)(6) provides that a debt may not be discharged "for willful and malicious injury by the debtor to another entity or to the property of another entity." Under this section, an act is malicious if it is wrongful and done without just cause or excuse. *Vulcan Coals, Inc. v. Howard*, 946 F.2d. 1226, 1228-29 (6th Cir. 1991). An act is willful if it is done with the intent to injure. *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 977 (1998) ("[N]on-dischargeability

4

takes a deliberate or intentional injury, not merely a deliberate or intentional act.").

To support his contention that his conduct was not willful and malicious, Simon relies on affidavits from himself and Laura Kish stating that Mr. Rahill directed him to "get rid of" the machine. In her response to Simon's motion, Mrs. Rahill did not submitted any evidence controverting Simon's evidence. It must be held that Mr. Rahill's directive to "get rid of" the machine is a just cause or excuse for Simon to do so. This directive also completely undermines any inference that Simon intended to injure Mr. Rahill's property. Simon's conduct in disposing of the machine was therefore not willful and malicious.

Instead of controverting Simon's evidence that Mr. Rahill told Simon to "get rid of" the machine, Mrs. Rahill relies on contract principles and the rules of evidence. These legal arguments may be decided in the context of a motion for summary judgment.

First, she asserts that Simon's evidence constitutes a modification of the parties' contract, which may only be accomplished by a writing under M.C.L.A. § 566.1. At best, this argument leads to the conclusion that Simon may have breached his contract with Mr. Rahill. It is quite irrelevant, however, in evaluating whether Simon's conduct was willful and malicious. Simon's failure to obtain the modification of the agreement in writing, assuming it was required, simply does not suggest that his conduct was willful and malicious.

Mrs. Rahill also argues that the statement that Simon attributes to Mr. Rahill is inadmissible hearsay. However, under the definition of hearsay in F.R.E. 801(c), Mr. Rahill's statement to Simon that he should "get rid of it" is not hearsay at all. It is a verbal act with legal effect and significance. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 412 (3d ed. 2006). Simon does not offer Mr. Rahill's statement to prove the truth of the matter asserted in the statement,

but rather to prove that Mr. Rahill made the statement.

One final comment is necessary. Simon's affidavit is incredible in one respect. He states that his employees disposed of the machine by cutting it up and putting the pieces in the garbage bin at Dimer. The twenty ton weight of the machine and the extraordinary difficulty of cutting up a cast iron machine make it impossible to accept this testimony. It can be speculated, therefore, that Simon disposed of the machine in another way, perhaps even at a profit. Specifically, Mrs. Rahill' attorney speculates that the machine is making parts in Mexico. There is, however, no evidence of that. Moreover, as held above, the record of the case compels both the finding that Mr. Rahill told Simon to "get rid of" the machine and therefore the conclusion that Simon did not cause a willful and malicious injury to Mr. Rahill's property.

## VI.

Accordingly, Mrs. Rahill's motion for summary judgment is denied and Simon's summary judgment is granted. An appropriate order dismissing the complaint will be entered.

Not for Publication

**Signed on November 06, 2006**

                                                            /s/ Steven Rhodes
                                                            **Steven Rhodes**
                                                            **Chief Bankruptcy Judge**